# IN THE UNITED STATES DISTICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| CRYSTAL BENTON )<br>46 S. Schroeder Street )<br>Baltimore, MD 21223 )<br>                                                )<br>        and                             )<br>                                                )<br>AYSE SARI                           )<br>4338 Avoca Ave.                 )<br>Ellicott City, MD 21043       )<br>                                                )<br>        *Plaintiffs*,                   )<br>                                                )<br>        v.                                    )<br>                                                )<br>UBER TECHNOLOGIES, INC. )<br>#8 182 Howard Street          )<br>San Francisco CA 94105     )<br>                                                )<br>                                                )<br>        and                             )<br>                                                )<br>LINDALIZ GOMEZ-ORTA  )<br>Urb Valle De Cerro Gordos S - 13 )<br>        Calle Diamante           )<br>Bayamon, PR 00956          )<br>                                                )<br>        and                             )<br>                                                )<br>FRANCES ESTEPHANE RIVERA )<br>        RIVERA                       )<br>576 Ave Arterial B Apt 2103 )<br>San Juan, PR 00918          )<br>                                                )<br>        and                             )<br>                                                )<br>UBER PUERTO RICO, LLC )<br>Ochoa Building, 500 Calle de la Tanca, )<br>Suite 514,                            )<br>San Juan, PR, 00901         )<br>                                                )<br>        and                             )<br>                                                ) | Case No. 3:23-cv-01363-RAM |

1

| | |
|---|---|
| RASIER, LLC<br>1725 3rd Street<br>San Francisco, CA 94158<br><br>        *Defendants*. | )<br>)<br>)<br>)<br>)<br>) |

# THIRD AMENDED NEGLIGENCE COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiffs Cryston Benton and Ayse Sari ("Plaintiffs") bring this negligence action for damages against Defendants Uber Technologies, Inc., Lindaliz Gomez-Orta, Frances Estephane Rivera Rivera, Uber Puerto Rico, LLC AND Rasier, LLC ("Defendants"), and state as follows:

## PARTIES

1. Plaintiff Crystal Benton ("Benton") is over eighteen years of age, and a resident of the State of Maryland.

2. Plaintiff Ayse Sari ("Sari") is over eighteen years of age, and a resident of the State of Maryland.

3. Defendant Uber Technologies, Inc. ("Uber") is a corporation of the State of Delaware, and actively engages in the business of ridesharing in this District.

4. Defendant Lindaliz Gomez-Orta ("Gomez") is over eighteen years of age, and a resident of Puerto Rico.

5. Defendant Frances Estephane Rivera Rivera ("Rivera") is over eighteen years of age, and a resident of Puerto Rico.

6. Defendant Uber Puerto Rico, LLC is a Puerto Rico limited liability corporation, and actively engages in the business of ridesharing in this District. Uber Puerto Rico, LL's resident agent is CT Corporation System, which has an address of PO

2

Box 9022946, San Juan, PR, 00902-2946.  On information and belief, Uber Puerto Rico is a wholly owned, managed, and controlled subsidiary of Uber Technologies.

7. Defendant Rasier, LLC is a Delaware limited liability corporation, with a principal business address in California and actively engages in the business of ridesharing in this District.  On information and belief, Rasier LLC is a wholly owned, managed, and controlled subsidiary of Uber Technologies. Rasier LLC contracts with Uber drivers in the District.  The contract co-mingles rights and responsibilities between the driver, Rasier LLC and Uber Technologies.  For example, Uber Technologies legal department serves as the point of service for any disputes between the driver and Rasier, LLC.  Rasier, LLC does not appear to be registered to do business in Puerto Rico.  Defendants Uber, Uber Puerto Rico, and Raiser are collectively referred to hereinafter as the "Corporate Defendants."

## JURISDICTION AND VENUE

8. Plaintiffs bring this action against Defendant pursuant to 28 U.S.C. § 1332, as the amount in controversy for each Plaintiff exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity exists between the Parties, as no Plaintiff is a citizen of any State of residence of any Defendant, and Defendants are all citizens of different States.

9. The Court has personal jurisdiction over the Defendants pursuant to 18 U.S.C. § 1965(a), as Defendant Uber carries on a regular business in this District, and the Defendant Gomez resides herein.

## ALLEGATIONS OF FACT

10.     On July 17, 2022, at approximately 19:15 hours, Plaintiffs were returning from a day of jet skiing at the beach to their hotel in a rideshare provided by Defendants, through its/their agent, Defendant Lindaliz Gomez, driving a 2017 KIA Forte with a Puerto Rico license plate number of IWP-374.

11.     At no time were Plaintiffs instructed to wear seatbelts, either by written instruction inside the Uber vehicle, or by spoken instruction from the driver/agent of Uber, or even were informed that seatbelts were required by law for all passengers, all in violation of Puerto Rico law.

12.     While stopped at a redlight, near or around Carr. 187, Carolina, near the Frente Hotel Ritz Carltona, Defendant Frances Estephane Rivera Rivera, in a 2022 model Y Tesla with a Puerto Rico license plate number of JYE-853, crashed into the Defendants' vehicle from behind with great force.

13.     Both Plaintiffs were thrown forward into the seats in front of them, and the Defendants' vehicle was smashed off the roadway.

14.     Ms. Benson could not open her eyes after the accident, she couldn't move. All she could do was scream in pain when people tried to touch her to remover her from the vehicle.

15.     The Defendant failed to yield, failed to obey a traffic signal, and was otherwise driving in a negligent manner.

16.     The impact caused considerable trauma to Plaintiffs' persons.

17.     The Plaintiffs were transported to Ashford Presbyterian Community Hospital.

18.     Each of the Plaintiffs suffered extensive injury as a result of the accident.

19. Each Plaintiff required treatment and extensive physical therapy for issues in their backs, hip(s), shoulders, and neck(s), with each Plaintiff needing at least or more than $20,000 in medical treatment.

20. Ms. Sari has required extensive medical care and her injuries have left her unable to work a full schedule. As noted in her initial consultation with Dr. Marave, a treating physician, she "suffered a blunt head injury, developed post-traumatic headaches, post-traumatic anxiety, dizziness and sustained injuries of the cervical, lumbar and thoracic spine, shoulders, trapezius muscles, right upper arm and right wrist in the auto accident on July 17, 2022."

21. Since the accident, Ms. Benson has required extensive medical care and her injuries have left her unable to work a full schedule. As noted in her neurological consultation with Dr. Kozachuk, a neurologist, she suffered:

a) Posttraumatic cervical flexion-extension motion with traumatic blunt head injury x2 (without loss of consciousness, but posttraumatic amnesia).
b) Posttraumatic confusion, headaches and dizziness.
c) Frontal headaches.
d) Photophobia-phonophobia.
e) Server dizziness and upright disequilibrium.
f) Intermittent nausea.
g) Bilateral tinnitus.
h) Mild cognitive dysfunction and dysphasia with slurred speech.
i) Cervical spine pain with upper right extremity radiculitis and weakness of the right-hand grip.
j) Medial scapular pain and coccyx pain.
k) Secondary insomnia.
l) Abnormal neurological examination with greater right occipital neuralgia; pain on palpation at C5-C6 producing right upper extremity paresthesias into the hand; pain on palpation of the right supraclavicular fossa; increased right triceps reflex; weakness and atrophy of the right APB muscle; and reflex asymmetry of the lower extremities: Right greater than left.

22. Plaintiffs had no prior medical conditions in those areas.

23. Plaintiffs still have discomfort in the areas that were affected by the accident.

## COUNT I: NEGLIGENCE
### (all Defendants)

24. Each of the preceding and following allegations are incorporated by reference as though set forth separately herein.

25. At the time of the collision, each and all Defendants owed Plaintiffs the duties of:

    a. Using that degree of care and skill necessary to properly control the vehicle driven by Defendants;

    b. Complying with all applicable laws, statutes, codes, and other regulations then and there in effect;

    c. Paying full and proper attention to her driving; and

    d. Otherwise, to be determined during discovery pursuant to the Rules of Civil Procedure.

26. Each Defendant were negligent and breached Defendants' duties, causing the above-described collision by: (1) failing to keep proper look out and distance; (2) failing to observe traffic signals; (3) failing to yield to traffic with the right of way; (4) failing to comply with all applicable laws, statutes, codes, and other regulations then and there in effect; (5) Failing to keep proper control of the vehicle; (6) Failing to maintain proper speed; (7) Failing to yield; (8) operating the vehicle in a negligent, careless or reckless manner, and (9) otherwise operating Defendant's vehicle in a negligent, careless or reckless manner.

27. Defendant Gomez was operating her vehicle as a rideshare driver for Uber Technologies and or Uber Puerto Rico and/or Rasier LLC (the "Corporate Defendants") at the time of the accident, and was doing so within the scope of her duties.

28. The Corporate Defendants allowed Defendant Gomez, an employee and or independent contractor operating her vehicle under direction and supervision of Corporate Defendants, to operate her vehicle in an manner illegal in the Commonwealth of Puerto Rico and otherwise in an unsafe manner.

29. Because the manner of Defendant Gomez's performance as a rideshare driver was entirely dictated by Corporate Defendants' policies, rules, and regulations, those Defendants are liable for Defendant Gomez's acts and omissions under master and servant, *respondeat superior*, and other related legal theories.

30. Plaintiffs neither assumed any risk of injury, nor contributed in any way to Defendants' negligence.

31. Plaintiff further demand that each Defendant should be required to pay the respective share of that Plaintiffs judgment which is in proportion to the comparative negligence of each Defendant in causing each Plaintiff's damages.

32. To the extent that either Plaintiff is found negligent and to have been a proximate cause of her injuries, then that Plaintiff demands that a comparison of the negligent conduct of each Party is made in terms of percentages, and that Plaintiff recover, as judgment, the difference between the negligence of the other Party and her negligent contribution to her injuries.

33. As a result of the accident, Plaintiff Sari has incurred over $5,000 in medical expenses and $15,000 in lost wages. In addition, she is expected to incur future medical expenses and lost wages.

34. As a result of the accident, Plaintiff Benton has incurred over $13,000 in medical expenses and $30,000 in lost wages. In addition, she is expected to incur future medical expenses in the amount of $58,000 and lost wages in the amount of $767,500.

35. As a direct and proximate result of Defendants' negligence, and through no negligence on each Plaintiffs' own part, Plaintiffs suffered serious injury, including, but not limited to, medical costs, conscious pain and suffering, property damage, and continuing injury, for a total amount to be determined at trial.

### COUNT II: NEGLIGENCE PER SE
### (as to Defendants Gomez, Uber Technologies, and Uber Puerto Rico)

36. Each of the preceding and following allegations are incorporated by reference as though set forth separately herein.

37. At the time of the collision, Defendants owed Plaintiffs the duties of:

   a. Complying with all applicable laws, statutes, codes, and other regulations then and there in effect;

38. Defendants were negligent and breached Defendants' duties, causing the above-described collision by: (1) failing to keep proper look out and distance; (2) failing to observe traffic signals; (3) failing to yield to traffic with the right of way; (4) failing to comply with all applicable laws, statutes, codes, and other regulations then and there in effect; (5) Failing to keep proper control of the vehicle; (6) Failing to maintain proper speed; (7) Failing to yield; (8) operating the vehicle in a negligent, careless or reckless

manner, and (9) otherwise operating Defendant's vehicle in a negligent, careless or reckless manner.

39. Defendant Gomez was operating her vehicle as a rideshare driver for the Corporate Defendants at the time of the accident, and was doing so within the scope of her duties.

40. The Corporate Defendants allowed Defendant Gomez, an employee and or independent contractor operating her vehicle under direction and supervision of Corporate Defendants, to operate her vehicle in an manner illegal in the Commonwealth of Puerto Rico and otherwise in an unsafe manner.

41. Because the manner of Defendant Gomez's performance as a rideshare driver was entirely dictated by Corporate Defendants' policies, rules, and regulations, those Defendants are liable for Defendant Gomez's acts and omissions under master and servant, *respondeat superior*, and other related legal theories.

42. Pursuant to the P.R. Transportation Code, 9 L.P.R.A. § 5382(a), "It shall be the duty of every driver to require every occupant of the vehicle to use the available safety seat belts, and shall be liable for failing to do so. In addition, it shall be the duty of every driver not to transport more passengers than the number of available functional safety seat belts in said motor vehicle."

43. The Corporate Defendants had a duty to ensure that Plaintiffs were safely belted, before operating the vehicle. The Corporate Defendants did not ensure that Plaintiffs were secured in violation of the Code. Therefore, the Corporate Defendants failed to comply with all applicable laws, statutes, codes, and other regulations then and there in effect, and are therefore liable for negligence per se.

44. Plaintiffs neither assumed any risk of injury, nor contributed in any way to Defendants' negligence.

45. Plaintiff further demand that each Defendant should be required to pay the respective share of that Plaintiffs judgment which is in proportion to the comparative negligence of each Defendant in causing each Plaintiff's damages.

46. To the extent that either Plaintiff is found negligent and to have been a proximate cause of her injuries, then that Plaintiff demands that a comparison of the negligent conduct of each Party is made in terms of percentages, and that Plaintiff recover, as judgment, the difference between the negligence of the other Party and her negligent contribution to her injuries.

47. As a result of the accident, Plaintiff Sari has incurred over $5,000 in medical expenses and $15,000 in lost wages. In addition, she is expected to incur future medical expenses and lost wages.

48. As a result of the accident, Plaintiff Benton has incurred over $13,000 in medical expenses and $30,000 in lost wages. In addition, she is expected to incur future medical expenses and lost wages.

49. As a direct and proximate result of Defendants' negligence, and through no negligence on each Plaintiffs' own part, Plaintiffs suffered serious injury, including, but not limited to, medical costs, conscious pain and suffering, property damage, and continuing injury, for a total amount to be determined at trial.

## JURY TRIAL DEMANDED

Plaintiffs hereby requests a trial by jury on all issues so triable, including any amended complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court: enter a judgment for Plaintiffs and against Defendant, and:

1. Awarding each Plaintiff no less than $75,001 in damages;

2. Awarding pre-judgment interest at the legal rate;

3. Awarding post-judgment interest at the legal rate;

4. Awarding costs of suit;

5. Grant such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED,     DATED: 7/17/25

Edward Griffin, Esq.
USDC-PR: 309613
1226 N. Carolina Ave NE
Washington, DC 20002
202-361-5246 (tel)
griffin@adelphilaw.com
888-367-0383 (fax)


_____/s/Edward griffin/s/_____
Edward Griffin

## CERTIFICATE OF SERVICE

I hereby certify that on 7/17/25, a copy of the forgoing was served on all Parties by ECF and all unrepresented Defendants via USMAIL postage prepaid.

DATED: 7/17/25

Respectfully submitted,

\_\_\_\_\_/s/Edward Griffin/s/_____
Edward N. Griffin

11