IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CRISTAL BENTON and AYSE SARI,<br><br>**Plaintiffs**,<br><br>v.<br><br>UBER TECHNOLOGIES, INC, et al.,<br><br>**Defendants**,<br><br>v.<br><br>COOPERATIVA DE SEGUROS MÚLTIPLES, et al.<br><br>**Third-Party Defendants.** | **CIVIL NO. 23-1363(RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is third-party defendant Cooperativa de Seguros Multiples' ("CSM") *Motion to Dismiss*. (Docket No. 71). For the reasons outlined below, CSM's *Motion to Dismiss* is **DENIED**.

## I. PROCEDURAL BACKGROUND

On July 12, 2023, Plaintiffs Crystal Benton and Ayse Sari (collectively "Plaintiffs") filed their *Original Complaint* against Uber Technologies, Inc. ("Uber"), Lindaliz Gómez-Orta ("Gómez-Orta") and Frances Estephanie Rivera-Rivera ("Rivera-Rivera"). (Docket No. 1). In essence, Plaintiffs allege that on July 17, 2022, they were riding in an Uber being driven by Gómez-Orta when Rivera-Rivera crashed into the vehicle, causing Plaintiffs

extensive injuries that have impacted their daily lives and required considerable medical treatment and physical therapy. Id. ¶¶ 8, 10, 16-19. The same day the *Original Complaint* was filed, Plaintiffs also sought to stay the case for arbitration proceedings. (Docket No. 5). The Court granted this request, and the case was stayed until January 14, 2025. (Docket Nos. 7 and 21). Plaintiffs filed their First Amended Complaint on April 29, 2025. (Docket No. 36).[1]

On May 13, 2025, Gómez-Orta filed its *Answer to First Amended Complaint, Crossclaim Against Codefendant Frances Estephanie Rivera-Rivera, and Third-Pary Complaint*. (Docket No. 40). Therein, Gómez-Orta filed: (1) a crossclaim against Rivera-Rivera, claiming her actions were the sole proximate, legal, and adequate cause of the accident described in the Amended Complaint; and (2) a third-party complaint against CSM, as the insurer of Rivera-Rivera's vehicle that was involved in the accident, seeking contribution and indemnification. Id. at 28-38.

CSM filed the pending *Motion to Dismiss* on August 21, 2025, asserting that Gómez-Orta's claims against CSM are time-barred. (Docket No. 71). Specifically, CSM claims that the *Original Complaint* was filed by Plaintiffs on July 21, 2025, *i.e.*, three years after the accident and two years after the applicable statute

---

[1] Plaintiffs subsequently amended the complaint on two additional occasions. (Docket Nos. 50 and 57).

of limitations had elapsed. Id. at 6. CSM contends that the statute of limitations was never interrupted against Rivera-Rivera, its insured, and thus the claims against CSM are equally untimely. Id.

Gómez-Orta filed her *Opposition* on September 11, 2025 asserting that the original complaint whereby Plaintiffs sued Rivera-Rivera was in fact filed on July 12, 2023, within the one-year statute of limitations. (Docket No. 75 at 2). Gómez-Orta contends that because there is perfect solidarity between Rivera-Rivera and CSM, dismissal of the claims against CSM is unwarranted. Id.

## II.  APPLICABLE LAW

When ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[t]he sole inquiry ... is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id.

(citations omitted). When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Courts may consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz, 669 F.3d at 55-56 (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

The First Circuit has held that "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008)(quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)); see also LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998) ("Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred."). If the dates alleged in the compliant "show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Trans-Spec, 524 F.3d at 320 (quotations and citations omitted).

## III. DISCUSSION

Article 1204 of the Puerto Rico Civil Code of 2020 "sets a one-year statute of limitations for personal injury claims." Rodriguez v. De Jesus-Rojas, 702 F. Supp. 3d 35, 38 (D.P.R. 2023); *see also* P.R. Laws Ann. § 9496. In the case at bar, the alleged accident occurred on July 17, 2022, and Plaintiffs filed their *Original Complaint* against Uber, Gómez-Orta and Rivera-Rivera on July 12, 2023, *i.e.*, within the applicable one-year statute of limitations. See id.; Docket No. 1.

Upon reviewing the record, it is evident that CSM incorrectly identified **July 21, 2025**, as the date on which Plaintiffs filed their *Original Complaint*. In fact, July 21, 2025 corresponds to the date on which Plaintiffs filed their **Third Amended Complaint**, the operative complaint in this case. (Docket No. 57). Accordingly, the action in its entirety is not time-barred.

Although inartfully raised, the question remaining before the Court is whether the *Third-Party Complaint* filed on May 13, 2023 against CSM in its capacity as Rivera-Rivera's insurer is time-barred. In Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365 (2012), the Puerto Rico Supreme Court "overruled longstanding state law that automatically tolled the statute of limitations against all joint tortfeasors provided that suit was timely brought against at least one of them." Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc., 812 F.3d 213, 217 n. 4 (1st Cir. 2016).

As a crucial exception post Fraguada, "if there is perfect solidarity between the joint tortfeasors, tolling as to one co-tortfeasor [such as through an extrajudicial claim] will toll [the statute of limitations] as to the rest." Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 26 (1st Cir. 2024) (internal quotations and citations omitted). Perfect solidarity exists "where several persons [are] joined by a common interest, [and] have frequent relations among themselves or know each other" whereas "imperfect solidarity is the juridical relationship of people who do not know each other, who are only accidental co-tortfeasors or when they have sporadic relationships." Milicevic v. Bayamon Hotel Co. LLC, No. CV 22-1202 (HRV), 2024 WL 404544, at *6 (D.P.R. Feb. 2, 2024) (quotations and citations omitted).

Courts applying Puerto Rico law have reached different conclusions as to whether the relationship between an insurer and its insured is equivalent to perfect solidarity. *See* Tonge v. Doctors' Ctr. Hosp., 531 F. Supp. 3d 491, 511 (D.P.R. 2021). Although there is not binding precedent to this effect, judges have reasoned that "an insurance company that agrees to be liable for the acts or omissions of an insured person is not jointly and severally liable, unless this is so agreed between the parties." Id. (quoting Justice Estrella-Martínez concurring opinion in Menendez Lebron v. Rodriguez Casiano, 203 D.P.R. 885, (Feb. 3, 2020)).

However, in her *Third-Party* Complaint, Gómez-Orta alleges that:

> At all times material hereto, CSM issued, subscribed, underwrote, assumed and/or renewed one or more contracts of insurance—including, without limitation, compulsory liability ("LI"), public responsibility, personal liability, voluntary bodily-injury and property-damage liability, uninsured and under-insured motorists ("UM/UIM"), no-fault/personal-injury-protection ("PIP"), medical-payments, collision, comprehensive, garage-keepers, employer's non-ownership, umbrella and excess liability, and any other first- or third-party motor-vehicle-related coverage permitted under Puerto Rico or federal law—affording protection to (i) the 2022 Tesla Model Y bearing Puerto Rico plate JYE-853, (ii) its titled owner, (iii) its operator Frances Estephanie Rivera Rivera, and (iv) all permissive and omnibus insureds. Each such policy (a) was in full force and effect on July 17 2022; (b) **obligates CSM to defend and to indemnify, jointly and severally and up to the fullest extent of the applicable limits, against any and all claims of bodily injury, death, personal injury, property damage, loss of use, economic loss, loss of consortium, prejudgment interest, costs, attorney's fees, contribution, indemnification or any other damages that may be awarded, if any, in connection with the motor-vehicle collision alleged in the Amended Complaint; and (c) renders CSM directly liable to the same extent as its insureds pursuant to Puerto Rico's direct-action statute.**

(Docket No. 40 at 29 ¶ 4) (emphasis added). This allegation is sufficient at this procedural stage to adequately plead that (1) CSM is jointly and severally liable pursuant to the insurance

policy it issued to Rivera-Rivera; and (2) perfect solidarity exists between said parties.

## IV. CONCLUSION

In light of the above, CSM's *Motion to Dismiss* at Docket No. 71 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 9th day of January 2026

S/ Raúl M. ARIAS-MARXUACH
United States District Judge